People v Ferron (2024 NY Slip Op 50650(U))

[*1]

People v Ferron

2024 NY Slip Op 50650(U)

Decided on May 30, 2024

Criminal Court Of The City Of New York, Bronx County

González-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 30, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Devon Ferron, Defendant.

Docket No. CR-027473-23BX

For the People:
Darcel D. Clark, District Attorney, Bronx County
(by: ADA Matthew Sulewski)
For the Defendant:
The Legal Aid Society
(by: John Jody, Esq.)

Yadhira González-Taylor, J.

On May 10, 2024, the People moved this Court to reargue, pursuant to Civil Practice Law and Rules ("CPLR") § 2221, its bench ruling on April 17, 2024, which directed the People to disclose Giglio materials for police officers whom the prosecution did not designate as testifying witnesses, to wit: Police Officer ("PO") Timothy Earl ("Earl"), PO Paloma Pena ("Pena"), PO Crystal Abambari ("Abambari") and Detective ("Det.") Frank Delgado ("Delgado"), and upon that reargument, for an order vacating the Court's disclosure order and issuing a written decision that Giglio disclosures are not required for non-testifying officers or, alternatively, an order directing the People to disclose the Giglio information pursuant to Criminal Procedure Law ("CPL") § 245.30 (3). Defendant did not oppose the People's motion to reargue. Upon review and consideration of the prosecution's submission, court file, and relevant legal authority, the Court:
GRANTS defendant's motion to reargue pursuant to CPLR § 2221; and
DENIES the prosecution's motion for an order vacating the Court's April 17, 2024, bench ruling pertaining to Giglio disclosures for non-testifying officers; and
DENIES the prosecution's motion for a written decision that Giglio disclosures are not required for non-testifying officers PO Earl, PO Pena, PO Abambari and Det. Delgado; and
DIRECTS the prosecution to disclose within 10 days of this Decision and Order Giglio records pertaining to PO Earl, PO Pena, PO Abambari and Det. Delgado; and
DIRECTS the prosecution to file and serve a supplemental Certificate of Compliance which certifies compliance with the Court's directive.
RELEVANT PROCEDURAL BACKGROUND
At the discovery conference held on April 16, 2024, this Court heard arguments in support of and against disclosure of Giglio materials for officers whom the prosecution has decided not to [*2]designate as testifying officers. Following oral arguments, the discovery conference was reconvened on April 17, 2024, at which time the Court issued a bench ruling that defense counsel had established that Det. Delgado, as the lead investigator, PO Earl, as the arresting officer, and PO Pena and PO Abambari, as the 911 responders who interviewed the complaining witness, all had a demonstrable substantial nexus to the arrest and/or investigation such that Giglio disclosures were warranted in view of this Court's prior determinations, most notably, People v Peralta, 79 Misc 3d 945, 952-53 [Crim Ct, Bronx County 2023] ["(T)his court rejects a myopic consideration of CPL 245.20 (1) (k) that does not consider all its clauses, which provide, in pertinent part, that the People are to disclose all evidence and information, including that which is known to police or other law enforcement agencies acting on the government's behalf in the case, that tends to: (i) negate the defendant's guilt as to a charged offense; (ii) reduce the degree of or mitigate the defendant's culpability as to a charged offense; (iii) support a potential defense to a charged offense; (iv) impeach the credibility of a testifying prosecution witness; (v) undermine evidence of the defendant's identity as a perpetrator of a charged offense; (vi) provide a basis for a motion to suppress evidence; or (vii) mitigate punishment"] [internal quotations omitted].

 DISCUSSION
I. Applicable Legal Standards
CPLR § 2221 Motion to Reargue
CPLR § 2221(d) provides, in pertinent part, that a motion for leave to reargue (1) shall be identified specifically as such; (2) shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion; and (3) shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry (see CPLR § 2221 [d]).
CPL § 245.20 (1) (k) Disclosures for Non-testifying Officers
There is no binding appellate authority concerning disclosure of disciplinary records for non-testifying officers pursuant to CPL § 245.20 (1) (k) (i), (ii), (iii), (v), (vi) and (vii). The People's reliance upon the holding in People v Cooperman, 225 AD3d 1216, 1219 [App Div, 4th Dept 2024] is entirely misplaced where the appellate court found that disciplinary records for non-testifying law enforcement personnel were not automatically discoverable pursuant to CPL § 245.20 (1) (k) (iv), but specifically declined to consider whether defendant could advance an argument for the disclosure of disciplinary records pursuant to subsections to CPL § 245.20 (1) (k) other than subsection (iv) (see Cooperman at 1219 ["To the extent that defendant contends that other portions of CPL § 245.20 (1) (k) applied to the personnel files at issue here, we conclude that he did not preserve that contention for our review, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice"] [internal citations omitted]).
II. The People's Arguments
The prosecution avers that the Fourth Department Appellate Division's decision in Cooperman is binding upon this Court where the First Department has not yet addressed the issue of the discoverability of Giglio materials pursuant to CPL § 245.20 (1) (k) other than for the purpose of impeaching a testifying officer (People's affirmation at 8). The People further contend that they are not obliged to disclose Giglio materials for the purpose of negating a defendant's guilt, reducing the degree of, or mitigating, the defendant's culpability, or supporting a potential defense because [*3]an officer's credibility is not a defense to a charge-specific offense (Id.). Next, the People maintain that defendant has failed to establish that the non-testifying officers had a substantial nexus to the arrest and/or investigation (People's affirmation at 11). Lastly, the prosecution argues that CPL § 245.20 (1) (k) (vi) and (vii) are inapplicable to the facts at bar because there was no identification procedure nor noticed statements, and that had the People been in possession of any evidence that negated defendant's punishment, they would have already disclosed this information pursuant to Brady v Maryland, 373 US 83 [1963] (Id.). 
III. The Court's Analysis
The CPLR 2221 (d) Motion to Reargue
The instant motion to reargue is primarily premised upon the People's argument that the Court's holding in Peralta has been abrogated by the Fourth Department's holding in Cooperman, a decision rendered after Peralta. Accordingly, the People have met their threshold burden of proof by asserting that matters of law were allegedly overlooked or misapprehended by the Court in determining its bench ruling on April 17, 2024 (see CPLR 2221 [d] [2]). 
CPL § 245.20 (1) (k) Disclosures for Non-testifying Officers PO Earl, PO Pena, PO Abambari and Det. Delgado
As a threshold matter, the Cooperman finding that "CPL § 245.20 (1) (k) (iv) requires disclosure only of materials that tend to impeach the credibility of a testifying prosecution witness" has no controlling authority over the facts or law at bar where this Court's disclosure directive was not premised on the potential utility of the Giglio evidence for impeachment purposes of a testifying witness (see Cooperman at 1219). 
Indeed, the Court's inquiry of defense counsel at the parties' April 16, 2024 discovery conference specifically focused on whether counsel could demonstrate that the non-testifying officers were substantially connected to the case such that Giglio disclosures could be of significant consequence to, inter alia, negate a defendant's guilt, reduce the degree, or mitigate, the defendant's culpability (see tr. at 57-58; see Peralta at 953-54; see People v Jackson, 79 Misc 3d 832, 840 [Crim Ct, NY County 2023] ["The inquiry as to whether underlying records are discoverable under CPL 245.20 (1) (k) (i) and (iii) is fact-specific, based on the officer's particular involvement in the case and the nature of the misconduct allegations against him"] [emphasis added]; compare People v Vargas, 78 Misc 3d 1235[A], 2023 NY Slip Op 50425[U], *5-6 [Crim Ct, Bronx County 2023] ["This court finds that the involvement or engagement of a non-testifying officer, who conducts the arrest and/or speaks to witnesses and investigates the charge, cannot be hermetically sealed from a Giglio disclosure request just because the People have strategically decided, as is the prosecution's prerogative, not to call them as a witness"], with People v Hernandez, 81 Misc 3d 1201[A], 2023 NY Slip Op 51201[U], *6 [Crim Ct, Bronx County 2023] ["Defense counsel's reliance on this Court's decision in Peralta, which directed Giglio disclosures for non-testifying officers, is entirely misplaced where counsel has proffered no evidence that PO Alvarado and PO Torres Santana played an integral role in the arrest and/or investigation of the incident such that disclosure is warranted"] [internal citations omitted]; see also People v Thomas, 80 Misc 3d 1227[A], 2023 NY Slip Op 5115[U], *4-5 [Crim Ct, Bronx County 2023]).
Thus, the People misapprehend the scope of the Cooperman decision, wherein the Fourth Department solely relied on CPL § 245.20 (1) (k) (iv) to determine that personnel records for non-[*4]testifying officers do not fall within the ambit of automatic disclosures (see Cooperman at 1219).
Additionally, the People are reminded that irrespective of whether the prosecutor credits the information, "(i)t has long been recognized that the best judge of the value of evidence to a defendant's case is the single-minded devotion of counsel for the accused" (see People v Pennant, 73 Misc 3d 753, 761 [Nassau Dist Ct, 1st Dist 2021] [internal quotation marks omitted]).
As the Court finds that the record demonstrates that the prosecution has advanced no other matters of fact or law allegedly overlooked or misapprehended in the April 17, 2024 bench ruling, and because the assigned ADA has advanced no argument that a protective order should govern the People's Giglio disclosure, pursuant to CPL § 245.35, the People are directed to serve defense counsel with Giglio records for PO Earl, PO Pena, PO Abambari and Det. Delgado within 10 days of this Decision and Order, accompanied by a supplemental CoC which certifies compliance with the Court's directive. 
Lastly, that part of the People's motion to reargue seeking a written order directing the People to disclose Giglio information for the non-testifying officers Earl, Pena, Abambari and Delgado pursuant to CPL § 245.30 (3) is rendered moot.

 CONCLUSION
Upon review and consideration of the submissions, court file and relevant legal authority, the Court:
GRANTS defendant's motion to reargue pursuant to CPLR § 2221; and
DENIES the prosecution's motion for an order vacating the Court's April 17, 2024, bench ruling pertaining to Giglio disclosures for non-testifying officers; and
DENIES the prosecution's motion for a written decision that Giglio disclosures are not required for non-testifying officers PO Earl, PO Pena, PO Abambari and Det. Delgado; and
DIRECTS the prosecution to disclose within 10 days of this Decision and Order Giglio records pertaining to PO Earl, PO Pena, PO Abambari and Det. Delgado; and
DIRECTS the prosecution to file and serve a supplemental Certificate of Compliance which certifies compliance with the Court's directive.
This constitutes the opinion, decision, and order of the Court.
Dated: May 30, 2024
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.